815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert C. MARR, Plaintiff-Appellant,
v.
Perry JOHNSON; Charlie Adams; Norman G. Brown; Edward J.
Grant and Dale Foltz, Defendants-Appellees.
 No. 86-1442.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from summary judgment dismissing this civil rights action brought pursuant to 42 U.S.C. Sec. 1983. The plaintiff is a state prison inmate who claims he was assaulted by a prison foreman, the defendant Charles Adams, and wrongfully recommended for prosecution by the prison warden, the defendant Dale Foltz. Other parties were originally sued but the plaintiff has not appealed from their dismissals.
 
 
 2
 While on a work detail on the prison farm, the plaintiff refused to comply with a direct order from foreman Adams and, according to plaintiff's version, Adams wrestled him to the ground and held him until the plaintiff agreed to get into the truck with Adams as he had previously been ordered to do. When the plaintiff agreed to do this, Adams let him up and the plaintiff promptly ran away from Adams and eventually left the area. He was absent from the prison farm for 12 days.
 
 
 3
 When the plaintiff turned himself in and returned to the prison he was charged with two counts of substance abuse, assault of a prison employee (Adams) and escape. At a misconduct hearing held on September 14, 1983 plaintiff was found guilty of all charges. Following this hearing warden Foltz forfeited eight months and twelve days of plaintiff's "good time earned," and recommended to the Jackson County prosecutor that plaintiff be prosecuted for escape. The plaintiff later challenged the decision of the misconduct hearing and a Michigan circuit court judge affirmed the decision on the escape charge and on one of the substance abuse charges, but vacated the conviction of assault and the remaining substance abuse charge. Meanwhile, however, the county prosecutor had instituted proceedings against the plaintiff for assault of a prison employee and escape. The jury found the plaintiff guilty of escape but not guilty of assault.
 
 
 4
 The claim against warden Foltz is based on a policy directive of the Michigan Department of Correction that states:
 
 
 5
 The institution head shall recommend that there be no prosecution in instances of routine walk-away or where no offense other than escape has occurred and the escapee has accumulated nine months or more of special and regular good time which is subject to forfeiture.
 
 
 6
 The plaintiff argues that since he was twice exonerated of the assault charge no offense other than escape must have occurred and that Foltz violated the regulation by recommending him for prosecution. This argument assumes that the warden should have waited until the outcome of all proceedings arising out of the incident before making a determination of whether to recommend that the plaintiff be prosecuted for escape. We find no support for this position. At the time the defendant Foltz recommended to the county prosecutor that the plaintiff be prosecuted for escape, he was following the policy directive because at that time plaintiff had escaped and had been found guilty of assaulting a prison employee. The warden was entitled to make his decision about recommending prosecution on the basis of the record as it stood at that time and will not be held to have violated the plaintiff's constitutional rights because the plaintiff subsequently was able to overturn the original determination that he was guilty of assault. Summary judgment was properly granted on the claim against warden Foltz since the facts viewed most favorably from the plaintiff's point of view did not create a genuine issue of material fact.
 
 
 7
 The claim against foreman Adams was that he inflicted cruel and unusual punishment on the plaintiff by wrestling him to the ground when he disobeyed a direct order. The plaintiff contends that he had a heart condition that was well known to Adams and that the incident just prior to his escape was the culmination of a long period of harassment. Giving the plaintiff the benefit of his version of the facts and every favorable inference based on those facts, the court concludes that foreman Adams' conduct does not shock the conscience of the court and does not involve unnecessary and wanton infliction of pain in the course of maintaining prison security. See Whitley v. Albers, 106 S.Ct. 1078 (1986). The district court did not err in granting summary judgment to the defendant Adams.
 
 
 8
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court properly dismissed this action. Accordingly, the judgment of the district court is affirmed.